IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

JERMICHAEL PEARSON,                 )
                                    )
            Petitioner,             )
                                    )
      v.                            )           CV 125-131
                                    )
AUGUSTA STATE MEDICAL PRISON,       )
                                    )
            Respondent.             )

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

_____

On April 30. 2025, Petitioner submitted a handwritten letter which the Clerk of Court in the Northern District of Georgia docketed as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, but Petitioner did not pay the $5.00 filing fee or a motion to proceed *in forma pauperis* ("IFP"). (See doc. no. 1.) Upon transfer of the case to the Southern District of Georgia, the Clerk of Court sent Petitioner a deficiency notice on June 9, 2025, regarding the need to pay the $5.00 filing fee or file a motion to proceed IFP, and set a twenty-one-day deadline for compliance. (See doc. no. 5.) The notice explained failure to correct the deficiency could result in dismissal. (See id.) Petitioner failed to respond to the Clerk's deficiency notice.

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Ala. Dep't

of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008) (*per curiam*) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority:   Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] [w]illful disobedience or neglect of any order of the Court; or [a]ny other failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1 (b) & (c).

Petitioner did not comply with the requirements for commencing a civil action by failing to pay the $5.00 filing fee or a motion to proceed IFP, and when given the opportunity to correct the deficiency, Petitioner failed to respond to the Clerk's notice.  Petitioner's failure to comply with the filing requirements of the Local Rules and his failure to respond to the Clerk's deficiency notice, amounts not only to a failure to prosecute, but also an abandonment of his case.  Moreover, publicly available records for the Georgia Department of Corrections show that Petitioner has been released from custody, apparently mooting the challenge to his continued confinement raised in his initial letter.[1]   In addition, Petitioner's release from custody without providing a new address saddles the Court with a stagnant case in which no communication with Petitioner seems possible.

In sum, the time to respond has passed, and Petitioner has not paid the filing fee or submitted a motion to proceed IFP as required.   Nor does the Court have any way to communicate Petitioner based on his failure to submit a new address after his release from

---

[1] See https://gdc.ga.gov; select Offender Info, Find an Offender; follow link for Search Now; select "I agree- Go to the Offender Query"; search "Pearson, Jermichael" (last visited July 7, 2025).

prison.    Accordingly, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** without prejudice and **CLOSED**.

SO REPORTED and RECOMMENDED this 7th day of July, 2025, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

3